United States District Court
Southern District of Texas
**ENTERED**
July 15, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GUSTAVO A. PERALTA-VARELA, *et al.*, | § | |
| | § | |
| Petitioners, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-02019 |
| | § | |
| RANDY TATE, | § | |
| | § | |
| Respondent. | § | |

# ORDER

Before the Court are Petitioner Gustavo A. Peralta-Varela's Petition for Writ of Habeas Corpus (Doc. #1); Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment (the "Motion for Summary Judgment") (Doc. #17); and Petitioner's Response (Doc. #18).[1] Having considered the parties' arguments and applicable legal authority, the Court denies the Motion for Summary Judgment and grants the Petition for Writ of Habeas Corpus.

Petitioner Gustavo A. Peralta-Varela ("Petitioner"), a citizen of Cuba, entered the United States without inspection on or about February 17, 2022.[2] Doc. #17, Ex. 1 at 2. The Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA") charging Petitioner with being inadmissible under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act. *Id.* On April 22, 2026, Petitioner was ordered removed to Cuba. Doc. #17, Ex. 3 at 4–5. However, Petitioner

---

[1] The Court notes that Petitioner initially filed his Petition for Writ of Habeas Corpus by and through his mother and next friend Odalis T. Varela Varona. Doc. #1. However, on July 3, 2026, Mr. Matthew Mendez entered an appearance as counsel of record. Doc. #20.

[2] Petitioner is the father of an infant who is a United States citizen. Doc. #1 at 4.

filed a timely appeal, which remains pending, so his removal order is not final. Doc. #17, Ex. 4 at 2; 8 C.F.R. § 1241.1. Petitioner has been detained by Immigration and Customs Enforcement ("ICE") since February 17, 2026. Doc. #1 at 4. Petitioner is currently detained at the Montgomery Processing Center. *Id.* at 2. Petitioner states, and Respondents do not dispute, that he has no criminal record and has complied with all immigration requirements. Doc. #1 at 3; *see* Doc. #17.

Respondents argue Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2). Doc. #17. Petitioner argues his continued detention violates the Due Process Clause of the Fifth Amendment. Doc. #1 at 5. Courts in the Southern District of Texas have held that the continued detention of a noncitizen who has no criminal history and has not been shown to be a flight risk or danger to the community violates procedural due process. *See Batalla Nava v. Tate*, 4:26-cv-739, 2026 WL 1103033, at *2–4 (S.D. Tex. Apr. 23, 2026); *Reyes Suarez v. Thompson, et al.*, 4:26-cv-678, 2026 WL 1103030, at *2–4 (S.D. Tex. Apr. 23, 2026); *Rodriguez v. Frink*, 4:26-cv-798, 2026 WL 709487, at *8–10 (S.D. Tex. Mar. 13, 2026). The Court sees no reason to reach a different conclusion here.

Accordingly, the Court concludes that Petitioner's detention, without an individualized assessment or opportunity to be heard, violates his right to procedural due process. After reviewing the authorities and the record, the Court determines release is the appropriate habeas relief for the unlawful detention in this case. *See Brown v. Davenport*, 596 U.S. 118, 128 (2022) ("[F]ederal courts may grant habeas relief as law and justice require.") (cleaned up).

For the foregoing reasons, Respondents' Motion for Summary Judgment is DENIED. Doc. #17. Furthermore, Petitioner's Petition for Writ of Habeas Corpus is GRANTED. Doc. #1.

The Court therefore ORDERS as follows:

1. Respondents are ORDERED to effectuate Petitioner's immediate release from custody within forty-eight (48) hours of the entry of this Order. Petitioner shall be released in a public place within the Southern District of Texas.

2. Respondents are further ORDERED to inform Petitioner's counsel or Petitioner's next friend of the time and location of his release at least three (3) hours before release.

3. Respondents are further ORDERED to return to Petitioner, at the time of his release from custody, any and all identification documents taken from him at the time of or during detention.

4. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an Immigration Judge at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community.

5. Respondents are further ORDERED to file a status report updating the Court within seventy-two (72) hours of this Order, informing the Court of the status of Petitioner's release.

6. All other pending motions, if any, are DENIED as MOOT.

It is so ORDERED.

JUL 1 4 2026

Date

The Honorable Alfred H. Bennett
United States District Judge